IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CHRIS GATES                                                                    PETITIONER

v.                                                                    No. 1:19CV35-SA-JMV

ANDERSON JOHNSON, ET AL.                                              RESPONDENTS

AND

CHRIS GATES                                                                    PETITIONER

v.                                                                    No. 3:19CV58-SA-JMV

MDOC RECORDS DEPT.                                                      RESPONDENT

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Chris Gates for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved [11] to dismiss the petition for want of substantive merit and for failure to state a claim upon which relief could be granted. Mr. Gates has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted, and the instant petition will be dismissed.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2254**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or

invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Facts and Procedural Posture**

Chris Gates is in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed at the Leake County Correctional Facility in Carthage, Mississippi. On December 5, 2005, he pled guilty to robbery and sale of cocaine in Chickasaw County Circuit Court and was sentenced to serve twenty (20) years with fifteen (15) years suspended, leaving five (5) years to serve, in the custody of MDOC and five (5) years Post Release Supervision (PRS). *See* Exhibit A[1] (Guilty Pleas and Sentencing Orders in Chickasaw County Circuit Court

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the State's motion [11] to dismiss.

Cause Nos. HK-04-55B and HK-05-72). According to his MDOC Inmate Time Sheet, Mr. Gates was released on probation on January 18, 2015. He then violated numerous conditions of his PRS, including, as set forth in his revocation order:

> Abscond Supervision: Fail to report to MDOC since July 2016.
>
> Fail to abstain from the use of illegal drugs. June 7, 2016 test positive for the use of Cocaine. Self[-]admitted to the use of marijuana.
>
> Fail to pay supervision fees as directed to the [D]epartment of [C]orrections thus being in [ar]rears [of] $275.00.
>
> Fail to pay court ordered fines as directed.
>
> Fail to comply with special conditions as ordered by the [D]epartment of [C]orrections. Offender was ordered to attend outpatient treatment for drug use. Offender has failed to do so.
>
> Offender has been charged with possession of beer, possession of whiskey, resisting arrest and felon in possession of firearm by convicted felon by Houston[,MS] PD.

*See* Exhibit B (Order Revoking Post Release Supervision filed on April 19, 2017).

On April 19, 2017, the Chickasaw County Circuit Court entered an order revoking Mr. Gates' suspended sentence and ordered the him to serve ten (10) years (of his previously suspended sentence) in the custody of the MDOC, with five (5) years to serve and the remaining five (5) years suspended upon good behavior. *See* Exhibit B.[2]

Mr. Gates filed two *habeas corpus* petitions in this court: one on February 13, 2019 (No. 1:19CV35-SA-JMV), and another on March 25, 2019 (No. 3:19CV58-MPM-RP). On May 3, 2019 (ECF doc. 7), his petitions were consolidated and now fall under the style of *Gates v. Johnson*, 1:19CV35-SA-JMV in the instant proceeding. Mr. Gates challenges MDOC's

---

[2] Mr. Gates' post-release supervision had previously been revoked on September 11, 2010, March 21, 2012, and January 25, 2016.

calculation of his sentence based on the allegation that he has not received earned discharge credits for the time he was out on post-release supervision. ECF doc 1, pp. 5-13.

### Gates' Claim Fails on the Merits

First, Mr. Gates is simply incorrect regarding the use of earned-discharge credits to compute his sentence, and his claim fails on the merits. Second, as the Mississippi Department of Corrections is not *required* to grant earned discharge credits, Mr. Gates has no liberty interest in accruing them, and his allegations do not state a valid *habeas corpus* claim.

The Mississippi statute regarding the earned-discharge program is House Bill 585, effective July 1, 2014. *See* Miss. Code Ann. § 47-7-40 (1). The statute states, in relevant part:

> (1) The *commissioner shall establish rules and regulations* for implementing the earned-discharge program that allows offenders on probation and parole to reduce the period of supervision *for complying with condition of probation*. The *department shall have the authority* to award earned-discharge credits to all offenders placed on probation, parole, or post-release supervision *who are in compliance with the terms and conditions of supervision*.

(Emphasis added). Under this statute, MDOC has the authority to establish rules and regulations regarding the earned-discharge program and to award an offender earned-discharge credits. However, the statute also makes clear that "earned-discharge credits" apply only to offenders *who have complied with the terms and conditions of supervision*. As set forth above, Mr. Gates violated many terms of his supervised release and, under the plain language of the statute, is ineligible to receive earned-discharge credits.

In addition, Miss. Code Ann. § 47-7-37(1) states that "[t]he time served on probation or post-release supervision *may* be reduced pursuant to 47-7-40." (Emphasis added). However, *even if an offender's period of supervision is reduced through earned-discharge credits*, under 47-7-37(1), "[n]o part of the time that one is on probation shall be considered as any part of the

time that he shall be sentenced to serve." Miss. Code Ann. § 47-7-37(7). Hence, Mr. Gates is not entitled to "earned-discharge credits," and he has no liberty interest in receiving them for the time he was on probation or post-release supervision. For these reasons, the instant petition for a writ of *habeas corpus* fails on the merits and must be dismissed.

### Failure to State a Valid Federal *Habeas Corpus* Claim

Not only does Mr. Gates' claim fail on the merits; his allegations fail to state a valid *habeas corpus* claim. To maintain a petition for writ of *habeas corpus*, Mr. Gates must be deprived of some right secured to him by the Constitution or the laws of the United States. *See* 28 U.S.C. § 2254(a); *see also Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). Should a petitioner fail to allege a deprivation of such a right, he fails to state a claim for *habeas corpus* relief, and the petition must be dismissed. *Irving*, 732 F.2d at 1216. Further, "[a] petition for federal *habeas corpus* relief based on any argument that state courts are incorrectly applying their own law … is not a basis for relief." *Wansley v. Mississippi Dept. of Corrections, et al.*, 769 F.3d 309, 312 (5th Cir. 2014) (citations omitted).

Mr. Gates' allegations regarding "earned-discharge credits" do not rise to the level of a constitutional violation because he has not shown that he has a protected liberty interest in them. Mr. Gates alleges that MDOC is falsely imprisoning him and depriving him of life, liberty and justice because he has not been awarded "earned-discharge credits" for the time he was on post-release supervision from January 18, 2015, to September 10, 2016. *See generally*, ECF doc.1. However, as set forth above, the decision whether to award an offender "earned-discharge

credits" is solely an issue of Mississippi law – under the authority and discretion of the MDOC. As such, Mr. Gates has not alleged a deprivation of an interest protected by federal law.

The discretion granted MDOC in whether to award earned-discharge credits takes that issue outside the purview of federal *habeas corpus* law. A statute with mandatory language can create a liberty interest protected by the Constitution; however, a statute giving discretion to state authorities cannot. The decision whether to award an inmate "earned discharge credits" is discretionary – the same as Mississippi's parole statutes. For this reason, the court must analyze earned discharge and parole in the same way when determining whether *habeas corpus* applies to the calculation of an inmate's sentence. As there is a dearth of *habeas corpus* case law involving earned-discharge credits, the court relies primarily on the legally equivalent analysis and rulings of courts discussing parole.

Miss. Code Ann. § 47-7-40 confers authority on the MDOC to establish rules and regulations regarding the earned discharge credit program, as well as the authority to award credit to offenders *who are in compliance with the rules and regulations of release*; therefore, a prisoner has no constitutionally protected liberty interest in "earned discharge credits." *See also* Miss. Code Ann. § 47-7-37; *see e.g., Wansley*, 769 F.3d 309 at 312. (Analysis applied to parole) ("Parole, however, is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole."); *Scales v. Mississippi State Parole Board,* 831 F.2d 565, 566 (5th Cir. 1987) ("In Mississippi, the absolute discretion conferred on the Parole Board affords a prisoner no constitutionally recognized liberty interest" in parole.)

Under Miss. Code Ann. § 47-7-37 and 47-7-40, an award of "earned-discharge credits" in Mississippi is not a right, but an act of grace solely in the discretion of MDOC. Indeed, the

Mississippi Department of Corrections is an entity independent from the sentencing court. *See Monroe v. State*, 203 So. 3d 1140, 1143 n.1 (Miss. Ct. App. 2016) (noting that "earned discharge under [Miss. Code Ann. § 47-7-40] falls under the purview of the MDOC, not [the Mississippi Court of Appeals] or the trial court.")

Under Miss. Code Ann. § 47-7-40, MDOC has sole discretion regarding the award of earned discharge release; hence, such release is not a federally protected right and is not reviewable through a petition for a writ of *habeas corpus*. If an inmate complies with the terms of his supervised release, he may *expect* to enjoy earned discharge release, but mere expectation does not rise to the level of a liberty interest protected by the Constitution. *Wansley*, 769 F.3d at 312. "[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." *Id*. As the Fifth Circuit has concluded with regard to parole (which is also discretionary in Mississippi), "when a prisoner has no liberty interest in obtaining parole…he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Id*. At 312-13 (alteration in original). That analysis applies with equal force to earned-discharge release. For these reasons, Mr. Gates' grounds for relief fail to state a valid *habeas corpus* claim – and also fail for want of substantive merit.

**Conclusion**

For the reasons set forth above, the motion by the State to dismiss the instant petition will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed for want of substantive merit and for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 17th day of March, 2020.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE